IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Crow Creek Sioux Tribe v.<br>Kempthorne, et al. | : | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v.<br>Kempthorne, et al. | : | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v.<br>Kempthorne, et al. | : | Civil Action No. 04-1126 (JR) |
| Wyandot Nation of Kansas v.<br>Kempthorne, et al. | : | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v.<br>Kempthorne, et al. | : | Civil Action No. 05-2492 (JR) |
| Winnebago Tribe of Nebraska v.<br>Kempthorne, et al. | : | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v.<br>Kempthorne, et al. | : | Civil Action No. 05-2495 (JR) |
| Prairie Band of Potawatomi v.<br>Kempthorne, et al. | : | Civil Action No. 05-2496 (JR) |
| Cheyenne River Sioux Tribe v.<br>Kempthorne, et al. | : | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of Indians v.<br>Kempthorne, et al. | : | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and Nebraska v.<br>Kempthorne, et al. | : | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of the Goshute<br>Reservation v. Kempthorne, et al. | : | Civil Action No. 06-1902 (JR) |

| | |
|---|---|
| Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al. | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of Oklahoma v. Kempthorne, et al. | Civil Action No. 06-2162 (JR) |
| Northwestern Band of Shoshone v. Kempthorne, et al. | Civil Action No. 06-2163 (JR) |
| Red Cliff Band of Lake Superior Indians v. Kempthorne, et al. | Civil Action No. 06-2164 (JR) |

## PLAINTIFFS' COORDINATED STATUS REPORT

By Memorandum Order dated December 19, 2007, the Court invited each Plaintiff tribe, or group of tribes, to file status reports setting forth their respective proposals for further proceedings. The above-referenced Plaintiff tribes, which share common representation, hereby submit the following Coordinated Status Report. The tribes would like to provide the Court a coordinated report because their cases present many common issues of law and fact. Also, as more fully described below, each tribe listed above maintains a separate action against the Government for monetary damages related to trust mis-management in the United States Court of Federal Claims (hereinafter "CFC"). The CFC cases, in large part, have been temporarily stayed while the tribes and the Government seek informal resolution. The tribes would like to follow a consistent approach in the sixteen (16) United States District Court, District of Columbia cases (hereinafter "USDC cases") referenced above and request a temporary stay of the litigation until July 3, 2008, while the tribes and Government pursue informal discovery

and settlement.

## STATUS OF USDC CASES

Plaintiffs' counsel represents sixteen (16) federally recognized Native American sovereign nations in connection with claims against the United States Government for the mis-management of assets and funds held in trust for the respective tribes. The USDC cases seek injunctive relief including a full accounting of tribal trust accounts. The CFC cases seek monetary damages for the breach of fiduciary duty the Government owes to the tribes in connection with the handling of monetary and non-monetary tribal assets.

The USDC cases were filed at differing times and, although eleven (11) of the cases were initially assigned to Judge Royce C. Lamberth, they have subsequently been re-assigned to Judge James Robertson who presently presides over each of the sixteen (16) USDC cases. For the Court's convenience, the chart below identifies the pending USDC cases as well as respective case numbers and filing dates.

| No. | Name of Case | Case No. | Assigned Judge | Date Complaint Filed |
|---|---|---|---|---|
| 1 | Cheyenne River Sioux Tribe | 06-CV-1897-JR | Judge James Robertson | 11/8/06 |
| 2 | Crow Creek Sioux Tribe | 04-CV-0900-JR | Judge James Robertson | 6/2/04 |
| 3 | Confederated Tribes of the Goshute Reservation | 06-CV-1902-JR | Judge James Robertson | 11/7/06 |
| 4 | Eastern Shawnee Tribe of Oklahoma | 06-CV-2162-JR | Judge James Robertson | 12/20/06 |

| No. | Name of Case | Case No. | Assigned Judge | Date Complaint Filed |
|---|---|---|---|---|
| 5 | Iowa Tribe of Kansas and Nebraska | 06-CV-1899-JR | Judge James Robertson | 11/7/06 |
| 6 | Lower Brule Sioux Tribe | 05-CV-2495-JR | Judge James Robertson | 12/30/05 6/30/06 (1st |
| 7 | Muscogee (Creek) Nation of Oklahoma | 06-CV-216-JR | Judge James Robertson | 12/20/06 |
| 8 | Northwestern Band of Shoshone | 06-CV-2163-JR | Judge James Robertson | 12/20/06 |
| 9 | Omaha Tribe of Nebraska | 04-CV-0901-JR | Judge James Robertson | 6/2/04 |
| 10 | Oglala Sioux Tribe | 04-CV-1126-JR | Judge James Robertson | 6/2/04 |
| 11 | Prairie Band of Potawatomi Nation | 05-CV-2496-JR | Judge James Robertson | 12/30/05 |
| 12 | Red Cliff Band of Lake Superior Chippewa | 06-CV-2164-JR | Judge James Robertson | 12/20/06 |
| 13 | Rosebud Sioux Tribe | 05-CV-2492-JR | Judge James | 12/30/05 |
| 14 | Stillaguamish Tribe of Indians | 06-CV-1898-JR | Judge James Robertson | 7/11/06 |
| 15 | Winnebago Tribe of Nebraska | 05-CV-2493-JR | Judge James Robertson | 12/30/05 6/30/06 (1st Amended) |
| 16 | Wyandot Nation of Kansas | 05-CV-2491-JR | Judge James Robertson | 12/30/05 6/30/06 (1st Amended) |

Since the filing of the USDC cases, Plaintiffs' counsel, Brian Leinbach, and Defendants' counsel have agreed that (a) the parties would explore the possibility of

-4-

resolving the issues and claims through settlement discussions and/or alternative dispute resolution ("ADR") processes; (b) undertake such activities through informal requests for production of relevant or potentially relevant documents and data in furtherance of the settlement discussions; and (c) continue to seek temporary stays of litigation, thus deferring Defendants' obligation to file their Answers or otherwise respond to the Complaints in the USDC cases, as well as the parties' obligations to comply with the requirements of FRCP, Rules 16.3 and 26, among other things, so as to enable and facilitate the parties' informal settlement or ADR discussions. Counsel for the parties agree the parties should continue to hold these positions.

At the end of January, 2007, this Court granted the parties' first round of Motions for Temporary Stay of Litigation as to each of the USDC cases which was to last until the end of May, 2007. Plaintiff tribes and the Government began the informal exchange of information/data and the complicated process of resolving trust issues began. At the expiration of the temporary stay, Plaintiff tribes and the Government filed joint motions to extend the temporary stay in each of the USDC cases. On or about May 29, 2007, this Court granted the joint motions in each of the USDC cases and otherwise extended the temporary stay until December 26, 2007.

Thereafter, in response to the Government's request for a 60-day discovery stay within which to file a motion to remand certain trust mis-management cases, on June 6, 2007, the Court issued a general stay as to all trust mis-management cases which was extended until the remand motion was ultimately denied on December 19, 2007. The

temporary stay as to all USDC cases has been lifted.

During the stay, the parties continued in their efforts to informally resolve the USDC and CFC cases and accomplished a number of significant things in the past few months. Among other things, Defendants have proposed a settlement process utilizing methodologies jointly developed by the Intertribal Monitoring Association ("ITMA") and the Office of Historical Trust Accounting ("OHTA") of the Department of Interior, and have conducted several conferences explaining the process and methodologies.

Plaintiffs' counsel representing the above-referenced USDC cases has analyzed the Government's proposal and finds the ITMA-OHTA process fundamentally flawed. Thus the tribes have declined to participate therein. In response, Plaintiffs' counsel has chosen to submit to Defendants its own detailed proposal setting forth its settlement methodology concerning the resolution of its trust related claims. The parties have begun conferring, exchanging written correspondence and conducting meetings and conference calls about Plaintiffs' proposed settlement methodology in an effort to find common ground.

Although the Government has been and continues to be evaluating Plaintiffs' proposed methodology, it has provided a substantive written response to Plaintiffs' settlement methodology which has, in part, identifies certain points of contention. While the particulars of the settlement process are being negotiated, Defendants continue to review and compile responsive documents and data that are relevant, or potentially relevant, to Plaintiffs' informal information requests.

The parties have also negotiated, executed, and filed joint stipulations in all USDC and CFC cases regarding the confidentiality of (a) certain documents and data to be provided by Defendants to Plaintiffs, and (b) settlement discussions between the parties. These joint stipulation are pending before this Court in each of the USDC cases and have recently been approved and ordered by the various judges in each of the CFC cases.

The parties have negotiated and scheduled, in part, a series of meetings, conference calls, document and data productions, and informational presentations, to include counsel and its experts or consultants, regarding the development and implementation of the proposed settlement methodology. These discussions are aimed at achieving resolution of the settlement process in all pending USDC and CFC[1] cases.

## PROPOSAL FOR FURTHER PROCEEDINGS

a. **Joint Stipulations Concerning the Confidentiality of Certain Documents/Data and Settlement Discussions.**

To enable further informal document and data production by Defendants to

---

[1] The 16 cases that Plaintiffs' counsel have filed in the Court of Federal Claims are Cheyenne River Sioux Tribe v. United States, No. 06-cv-00915-NBF; Confederated Tribes of the Goshute Reservation v. United States, No. 06-cv-00912-EGB; Crow Creek Sioux Tribe v. United States, No. 05-cv-1383L-MCW; Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL; Iowa Tribe of Kansas and Nebraska v. United States, No. 06-cv-00920-EJD; Lower Brule Sioux Tribe v. United States, No. 06-cv-00922-LB; Muscogee (Creek) Nation of Oklahoma v. United States, No. 06-cv-00918-JFM; Northwest Band of Shoshone Indians v. United States, No. 05-cv-1378L; Oglala Sioux Tribe v. United States, No. 05-cv-1378L; Omaha Tribe of Nebraska v. United States, No. 06-cv-00911-MBH; Prairie Band of Potawatomi Indians v. United States, No. 06-cv-00921-LJB; Red Cliff Band of Lake Superior Indians v. United States, No. 06-cv-00923-JPW; Rosebud Sioux Tribe v. United States, No. 06-cv-00924-EGB; Stillaguamish Tribe of Indians v. United States, No. 06-cv-00916-NBF; Winnebago Tribe of Nebraska v. United States, No. 06-cv-00913-MMS; and Wyandot Nation of Kansas v. United States, No. 06-cv-00919-LMB.

Plaintiffs, and to ensure the confidentiality of their settlement and ADR discussions, the parties have negotiated the terms and conditions of joint stipulations and proposed orders regarding confidentiality (a) of certain documents and data to be provided by Defendants to Plaintiffs, and (b) of settlement discussions between the parties. These stipulations and proposed orders have been filed in each of the USDC cases pending before this Court and are identical to those filed and approved in the CFC cases. Plaintiffs respectively request that this Court issue the pending confidentiality orders, which have been approved by each CFC Judge presiding over his or her respective case(s).

In conjunction with the informal settlement discussion process, the parties have established a process for informal document and data production. Plaintiffs have submitted an informal document and data request to Defendants. Defendants have begun to provide Plaintiffs copies of, or access to, certain non-privileged documents and data responsive or relating, or potentially relating, to Plaintiffs' trust accounting and trust mismanagement issues and claims. Upon the approvals and entries of the document and data, and settlement confidentiality protective orders by this Court, Defendants will produce copies or images of or access to confidential, non-privileged documents and data.

b. **Continuation of the Deferral of Defendants' Obligation to File Their Answer or Otherwise Respond to the Complaint Until After the Termination of the Temporary Stay**.

The parties herein believe that it would be in their best interests to work together and resolve the issues and claims in both the USDC and CFC cases without the need for extended litigation, if possible. Accordingly, the parties agree that they should seek to

continue the stay of the litigation of these cases, while they continue to discuss the formulation and possible execution of an appropriate, mutually satisfactory alternative resolution. Such a continuance would be consistent with what has been ordered in the CFC cases, which are presently stayed and require joint status reports to be filed on or before July 3, 2008 .

**b.    Order that the Parties File a Joint Status Report on or Before July 3, 2008.**

With only two exceptions[2], each of the cases pending in the CFC have been again stayed until July 3, 2008, at which time status reports must be filed. Plaintiffs respectfully request that the USDC cases pending in this court receive similar orders.

Extending the temporary stay will achieve two goals. First, it will serve the public interest by promoting judicial economy and efficiency and conserving the parties' limited resources. Further, it will not cause any undue prejudice or harm to the rights or interests of the parties herein. Second, not extending the temporary stay will unduly interfere with the parties' ability to work with each other and to devise an efficient, cost-effective, and resource-conserving method for resolving the issues and claims in these cases and in Plaintiffs' companion CFC cases, without the need for extended litigation. Additionally, Plaintiffs are informed that the Government's ability to address and possibly resolve other

---

[2] Stipulations to extend the temporary stay have been granted by each CFC judge except Judge Edward J. Damich; case no. 1:06-cv-00920-EJD, entitled, Iowa Tribe of Kansas and Nebraska v. Kempthorne et al.; and Judge Charles F. Lettow; case no. 1:06-cv-00917-CFL, entitled, Eastern Shawnee Tribe of Oklahoma v. Kempthorne, et al. Judges Damich and Lettow have decided to hold status conferences pending the issuance of any further orders. The parties will request that the stay be extended consistent with the other fourteen CFC cases.

Plaintiffs' companion CFC cases, without the need for extended litigation. Additionally, Plaintiffs are informed that the Government's ability to address and possibly resolve other tribal trust accounting and trust mismanagement cases will be adversely effected.

Respectfully submitted this 18th day of January, 2008.

/s/ Brian J. Leinbach
_____
WALTER J. LACK
BRIAN J. LEINBACH
California State Bar No. 161739
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Flr.
Los Angeles, CA 90067-4107

/s/ Patricia A. Marks
_____
PATRICIA A. MARKS
15992 A. E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

**OF COUNSEL:**

THOMAS V. GIRARDI
KEITH GRIFFIN
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
Tel: (213) 977-0211
Fax: (213) 481-1554

GREGORY A. YATES
16830 Ventura Boulevard, Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038

MARIO GONZALEZ
522 Seventh Street, Suite 202
Rapid City, S.D.  57701
Tel: 605-716-6355

MAURICE R. JOHNSON
Johnson Thompson LLP
10844 Old Mill Rd., Suite 4
Omaha, Nebraska 68154
Tel: (402) 934-0198
Fax: (402) 934-0714

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed using the Court's ECF system and that the below listed counsel are ECF users and will be served via the ECF system:

Anthony P. Hoang
Kevin J. Larson
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

/s/ Patricia A. Marks
_____
PATRICIA A. MARKS
15992 A. E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117